UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
DIANE MADDEN,

                                                                 Plaintiff,

-against-

TOWN OF HEMPSTEAD, and ANTHONY SANTINO, KATE MURRAY, MICHAEL PASTORE, GERRY MARINO, KEVIN DENNING, and GARETT GORTON,

                                                                  Defendants.
------------------------------------------------------------------------ x

CV-16-6835
(LDW)(AKT)

**ANSWER**

**JURY TRIAL DEMANDED**

       Defendants, THE TOWN OF HEMPSTEAD, ANTHONY SANTINO, KATE MURRAY, MICHAEL PASTORE, GERALD MARINO s/h/a Gerry Marino, KEVIN DENNING and GARETT GORTON, ("Defendants"), by their attorneys, BERKMAN, HENOCH, PETERSON, PEDDY & FENCHEL, P.C., as and for their Answer to the Complaint herein, respectfully allege as follows:

## AS AND FOR AN ANSWER TO THE PRELIMINARY STATEMENT

       1.      Deny the truth of the allegations set forth in paragraph "1" of the Complaint, except to aver at no point during the prior litigation with Plaintiff did the Town admit any guilt, but rather on the eve of trial the Town served an Offer of Judgement which Plaintiff Madden accepted to end the litigation.

       2.      Deny the truth of the allegations set forth in paragraph "2" of the Complaint, and respectfully refer all questions of law to the Court.

## AS AND FOR AN ANSWER TO JURISDICTION AND VENUE

       3.      Neither admit nor deny the allegation set forth in paragraph "3" of the Complaint, and respectfully refer all questions of law to the Court.

       4.      Neither admit nor deny the allegation set forth in paragraph "4" of the Complaint, and

-1-

respectfully refer all questions of law to the Court.

## AS AND FOR AN ANSWER TO PARTIES

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the Complaint.

6. Admit the allegations set forth in paragraph "6" of the Complaint.

7. Admit the allegations set forth in paragraph "7" of the Complaint.

8. Admit the allegations set forth in paragraph "8" of the Complaint.

9. Admit the allegations set forth in paragraph "9" of the Complaint.

10. Admit the allegations set forth in paragraph "10" of the Complaint.

11. Admit the allegations set forth in paragraph "11" of the Complaint.

12. Admit the allegations set forth in paragraph "12" of the Complaint.

## AS AND FOR AND ANSWER TO THE FACTS

13. Deny the allegations set forth in paragraph "13" of the Complaint, except to admit that heretofore Plaintiff filed suit against the Town which lawsuit was resolved pursuant to an Offer of Judgment.

14. Deny the allegations set forth in paragraph "14" of the Complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Complaint as to what Plaintiff Madden believed, and deny all other allegations set forth in paragraph "16" except to admit that Cindy Iacopella and Stacie DaBolt were the former Director and Assistant Director, respectively.

16. Deny the allegations set forth in paragraph "16" of the Complaint.

17. Admit the allegations set forth in paragraph "17" of the Complaint.

18. Deny the allegations set forth in paragraph "18" of the Complaint, except to aver that Michael Pastore has 20+ years working with animals in shelters and/or rescue organizations.

19. Deny the allegations set forth in paragraph "19" of the Complaint.

20. Deny the allegations set forth in paragraph "20" of the Complaint.

21. Deny the allegations set forth in paragraph "21" of the Complaint.

22. Deny the allegations set forth in paragraph "22" of the Complaint, except to aver that Nick Derenze does not have a history of abusing animals and currently holds a training certification.

23. Deny the allegations set forth in paragraph "23" of the Complaint.

24. Deny the allegations set forth in paragraph "24" of the Complaint.

25. Deny the allegations set forth in paragraph "25" of the Complaint, except to admit that a meeting took place between Cheryl Petrie, Pastore, Plaintiff Madden, and her representatives.

26. Deny the allegations set forth in paragraph "26" of the Complaint.

27. Deny the allegations set forth in paragraph "27" of the Complaint, except to admit that heretofore a meeting between Supervisor Santino and Defendant Madden took place.

28. Deny the allegations set forth in paragraph "28" of the Complaint.

29. Deny the allegations set forth in paragraph "29" of the Complaint.

30. Deny the allegations set forth in paragraph "30" of the Complaint.

31. Deny the allegations set forth in paragraph "31" of the Complaint, except to admit that Gerald Marino is the Commissioner of General Services which has oversight for the Animal Shelter.

32. Deny the allegations set forth in paragraph "32" of the Complaint.

33. Deny the allegations set forth in paragraph "33" of the Complaint.

34. Deny the allegations set forth in paragraph "34" of the Complaint, except to aver that the Town has no control over what, or if, the volunteers take pictures of other members of the public.

35. Deny the allegations set forth in paragraph "35" of the Complaint, and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning any interaction between Nussbaum and Plaintiff.

36. Deny the allegations set forth in paragraph "36" of the Complaint.

37. Deny the allegations set forth in paragraph "37" of the Complaint, except to admit that the reading program has been ongoing and successful.

38. Deny the allegations set forth in paragraph "38" of the Complaint, except to aver that Defendant Gorton is a Special Investigator employed by the Town.

39. Deny the allegations set forth in paragraph "39" of the Complaint.

40. Deny the allegations set forth in paragraph "40" of the Complaint.

41. Deny the allegations set forth in paragraph "41" of the Complaint.

42. Deny the allegations set forth in paragraph "42" of the Complaint.

43. Deny the allegations set forth in paragraph "43" of the Complaint, except to aver that the Town has no control over comments posted on Plaintiff Madden's Facebook page from unknown individuals, nor that it possesses any control or input into the actions of any law enforcement agency.

44. Deny the allegations set forth in paragraph "44" of the Complaint, except to admit that the facebook page "Truth about Hempstead Animal Shelter Unlimited" is not an official Town Facebook page and any postings against Plaintiff Madden on that page are not sanctioned by the Town nor does the Town have any knowledge of who posts to the page.

45. Deny knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph "45" of the Complaint, and expressly aver that none of the Defendants herein have any input or control over what any citizen posts on social media in their private, personal capacity.

46. Deny the allegations set forth in paragraph "46" of the Complaint, and expressly aver that none of the Defendants herein have any input or control over what any citizen posts on social media in their private, personal capacity.

47. Deny the allegations set forth in paragraph "47" of the Complaint.

### AS AND FOR AN ANSWER TO DAMAGE CAUSED BY THE TOWN'S ACTIONS

48. Deny the allegations set forth in paragraph "48" of the Complaint.

49. Deny the allegations set forth in paragraph "49 of the Complaint.

### AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION

50. Deny the allegations set forth in paragraph "50" of the Complaint, and respectfully refer all questions of law to the Court.

51. Deny the allegations set forth in paragraph "51" of the Complaint, and respectfully refer all questions of law to the Court.

### AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTION

52. Deny the allegations set forth in paragraph "52" of the Complaint, and expressly denies that Plaintiff Madden "won" her prior lawsuit, and respectfully refer all questions of law to the Court.

### AS AND FOR AN ANSWER TO THE THIRD CAUSE OF ACTION

53. Deny the allegations set forth in paragraph "53" of the Complaint.

## AS AND FOR AN ANSWER TO DEFENDANTS' LIABILITY

54. Deny the allegations set forth in paragraph "54" (a) through (d) of the Complaint, and respectfully refer all questions of law to the Court.

## FIRST AFFIRMATIVE DEFENSE

55. The Complaint fails to state a cause of action upon which relief can be granted against the Town.

## SECOND AFFIRMATIVE DEFENSE

56. None of the acts complained of herein were taken pursuant to an official policy, custom or practice of the Town and accordingly, the Complaint fails to state a cause of action upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

57. Plaintiff has sustained no damages and in any event has failed to mitigate any damages allegedly sustained.

## FOURTH AFFIRMATIVE DEFENSE

58. Upon information and belief, in the event the Plaintiff is found to have sustained any injury as alleged in the Complaint, all of which is expressly denied, then the injuries sustained were not as a result of any culpable conduct of Town, or in the alternative, the amount of damages otherwise recoverable shall be diminished in the percentage proportioned to the culpable conduct of the Plaintiff which contributed to or caused Plaintiff's injury.

## FIFTH AFFIRMATIVE DEFENSE

59. Pursuant to the *Monell* doctrine, the Town cannot be held liable for the acts of its employees solely on the basis of respondeat superior in a 42 U.S.C. § 1983 action, and consequently

the Town cannot be liable for the acts or conduct of any individual employee, as a matter of law.

### SIXTH AFFIRMATIVE DEFENSE

60. At all relevant times, the Town acted in good faith and in full accordance with the law.

### SEVENTH AFFIRMATIVE DEFENSE

61. If Plaintiff sustained damages as alleged in the Complaint, such damages were sustained solely through and by virtue of the conduct of Plaintiff without any actions on the part of the Town contributing thereto.

### EIGHTH AFFIRMATIVE DEFENSE

62. Plaintiff's constitutional rights have not been violated.

### NINTH AFFIRMATIVE DEFENSE

63. The actions complained of were reasonable and in full accord with the applicable law.

### TENTH AFFIRMATIVE DEFENSE

64. At all applicable times herein, Town, its agencies, departments and employees enjoyed full, partial or qualified immunity from suit.

### ELEVENTH AFFIRMATIVE DEFENSE

65. Punitive damages may not be recovered against the Town as a matter of law.

### TWELFTH AFFIRMATIVE DEFENSE

66. The Town of Hempstead Animal Shelter is a non-suable department of the Town of Hempstead.

### THIRTEENTH AFFIRMATIVE DEFENSE

67. The actions of the Town were justified, undertaken in good faith and without

malicious intent, and were at all times within the scope of their authority and in accordance with all Federal, New York State and local law, rules and/or regulations.

### FOURTEENTH AFFIRMATIVE DEFENSE

68. Any actions taken by the Town was for legitimate and independent business reasons.

### FIFTEENTH AFFIRMATIVE DEFENSE

69. If it be claimed that the Town acted for both lawful and unlawful motivations, then the Town would have made the same decision without regard to the improper reason.

### SIXTEENTH AFFIRMATIVE DEFENSE

70. There is and was not a policy, custom or usage of the Town to violate constitutional and/or statutory rights of the Plaintiff.

### SEVENTEENTH AFFIRMATIVE DEFENSE

71. Plaintiff's violations of her constitutional rights, as alleged in the Complaint, fail to state a claim for relief as the Plaintiff possesses neither a protected property right or liberty interest.

### EIGHTEENTH AFFIRMATIVE DEFENSE

72. Plaintiff's claim that her constitutional rights have been violated fails to state a claim for relief as the protected right to petition the governmental does not include or encompass a specific right to work in an official or quasi- official capacity in a governmental office.

### NINETEENTH AFFIRMATIVE DEFENSE

73. By seeking to make public her claims regarding the operations of the Town of

Hempstead Animal Shelter, the Plaintiff has become a public figure speaking on matters of public importance and, accordingly, the statements made by unknown third party individuals in their private capacity fails to state a claim for relief against these answering Defendants.

**WHEREFORE,** the Defendants respectfully demands that Plaintiff's complaint be dismissed in its entirety with prejudice and for all other relief that the Court deems just and proper.

Dated: Garden City, New York
March 10, 2017

    Yours, etc.

    BERKMAN, HENOCH, PETERSON, PEDDY & FENCHEL, P.C.

By: /s/
    Joseph E. Macy
    Donna A. Napolitano
*Special Counsel to Defendants*
100 Garden City Plaza
Garden City, New York 11530
(516) 222-6200

TO: Jonathan A. Tand, Esq.
*Attorneys for Plaintiff*
Law Offices of Jonathan A. Tand & Associates
990 Stewart Avenue, Suite 225
Garden City, New York 11530